

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-15-00391-CR

_____

KENDRA DRAUGHAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2010-428,943; Honorable John J. McClendon III, Presiding

October 23, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This saga begins in June 2011 when Appellant, Kendra Draughan, was convicted of the lesser included offense of possession with intent to deliver cocaine in an amount of one gram or more but less than four,[1] and sentenced to ten years, suspended in favor of five years community supervision. A judgment was then entered revoking her

_____

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2010). The lesser included offense is a second degree felony.

community supervision. No appeal from that judgment was timely filed; however, pursuant to a writ of habeas corpus, Appellant was granted an out-of-time appeal in May 2014. Her court-appointed counsel pursued an *Anders*[2] appeal and this court agreed with counsel's evaluation of the appeal, and on motion for rehearing, affirmed the trial court's judgment revoking Appellant's community supervision and sentencing her to ten years confinement. *See Draughan v. State*, No. 07-14-00228-CR, 2015 Tex. App. LEXIS 173 (Tex. App.—Amarillo Jan. 9, 2015, no pet.) (mem. op., not designated for publication). Mandate was issued on March 27, 2015, and the revocation judgment became final.

Appellant has now filed a new notice of appeal from the same revocation judgment. Her intent is to raise an issue that was not raised in her 2013 hearing—witnesses lied under oath. Not only is Appellant's new notice of appeal dated October 19, 2015, from a 2013 judgment untimely,[3] the matter has become final and she is not entitled to a second appeal from the same judgment.

Consequently, this purported appeal is dismissed for want of jurisdiction.


Patrick A. Pirtle
Justice


Do not publish.

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3] TEX. R. APP. P. 26.2(a).